FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 MAR -4  PM 1:40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO.   8:14-CR- 75 ⊤ 35 ⊤GW

JAMES F. PRUCHNIEWSKI

18 U.S.C. § 1347
18 U.S.C. § 982(a)(7) - Forfeiture
18 U.S.C. § 982(b)(1) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH TWELVE
(Health Care Fraud - 18 U.S.C. § 1347)

Introduction

At all times material to this Indictment:

1.      Dr. James F. Pruchniewski (PRUCHNIEWSKI) was a podiatrist

licensed to practice in the state of Florida and owned and operated the North

Lakeland Foot Clinic in the Middle District of Florida.

2.      Medicare was a federal insurance program that provided coverage

for people 65 and older, people under 65 with certain disabilities, and people of all

ages with end-stage renal disease.   Medicare was a health benefit program as

defined by Title 18, United States Code, Section 24(b).   Individuals who received

benefits under Medicare were commonly referred to as Medicare beneficiaries.

3.      PRUCHNIEWSKI was a participating physician in the Medicare Part

B program, meaning that PRUCHNIEWSKI agreed, among other things, to accept

reimbursement of 80 percent of the Medicare allowable charges as payment in full, to not charge his patients any more than the remaining 20 percent of the Medicare allowable charges, and to file claims only for procedures which were medically necessary.

4.      When PRUCHNIEWSKI submitted claims or caused claims to be submitted to Medicare, those claims were required to contain certain information, including:   (a) the name of the patient; (b) each service provided, as identified by the appropriate procedure code number; (c) the date of service; (d) the charge for such service; (e) the diagnosis; (f) a certification by the physician, attesting to the medical necessity of such service; and (g) the name and/or provider (billing) number of the physician performing such service.

5.      If a physician chose to submit claims electronically, the physician was required to sign an enrollment form agreeing, among other things, that the physician would be responsible for all Medicare claims submitted to CMS relating to the physician's services, whether submitted personally by the physician, or by the physician's employees or agents.   PRUCHNIEWSKI signed such an enrollment form and submitted claims electronically.   By signing the form, PRUCHNIEWSKI agreed, among other things, that he would submit claims that were accurate, complete, and truthful.

6.      For a claim to be paid by the Medicare Part B Program, it was a program requirement that the claim identify each service rendered to a patient by a corresponding code for such service listed in an American Medical Association

publication called the Current Procedural Terminology (CPT).   The CPT was a

systematic listing and coding of procedures and services performed by physicians.

Each procedure or service was identified with a five-digit code.

7.      In the CPT manual, "Physical Medicine and Rehabilitation" included

Physical therapy, occupational therapy, and athletic training evaluations,

modalities, and therapeutic procedures.

a.      The CPT defined "modalities" as any physical agent applied

to produce therapeutic changes to tissue, including, but not limited to, thermal,

acoustic, light, mechanical, or electrical energy.   The CPT expressly stated that

the application of certain specified modalities requires constant attendance, that is,

"direct (one-on-one) patient contact by the provider."   One such modality was

"electrical stimulation (manual)" in CPT code 97032.

b.      The CPT defined therapeutic procedures as a manner of

effecting change through the application of clinical skills and/or services that

attempt to improve function.   The physician or qualified therapist was "required to

have direct (one-on-one) patient contact."   Such therapeutic procedures included

the following:

| | |
|---|---|
| 97001 | Physical therapy evaluation |
| 97002 | Physical therapy re-evaluation |
| 97112 | Neuromuscular reeducation of movement, balance, coordination, kinesthetic sense, posture, and/or proprioception for sitting and/or standing activities |
| 97535 | Self-care/home management training (e.g., |

activities of daily living (ADL) and compensatory training, meal preparation, safety procedures, and instructions in use of assistive technology devices/adaptive equipment), direct one-on-one contact by provider . . .

c. A "qualified" physical therapist was a health care practitioner who is licensed by the state in which such practitioner renders services.

8. Physicians, physicians' employees, and billing services, which submitted claims to health care benefit programs, including Medicare, were required to consult the CPT as well as federal statutes, Medicare regulations, local coverage decisions and guidelines to ensure compliance with the prerequisites before claims were filed.

9. PRUCHNIEWSKI electronically submitted, or caused to be electronically submitted, CMS Claim Form 1500s for CPT codes 97001, 97002, 97032, 97112, and 97535 from his office in the Middle District of Florida to Medicare via a claims administrator, First Coast Services Options, Inc.

## The Scheme and Artifice to Defraud

10. From an unknown date, but at least as early as in or about January 2008, through at least on or about September 22, 2009, in the Middle District of Florida and elsewhere,

### JAMES F. PRUCHNIEWSKI,

the defendant herein, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, that is, the Medicare Part B Program, and to obtain, by means of

4

materially false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of, a health care benefit program affecting commerce, that is, the Medicare Part B Program, in connection with the delivery of and payment for health care benefits, items, and services.

## Manner and Means

11.    It was a part of the scheme and artifice to defraud that PRUCHNIEWSKI would, and did, falsely and fraudulently select CPT codes 97001, 97002, 97032, 97112, and 97535 on patient superbills, indicating that he had personally administered the Physical Medicine and Rehabilitation modality and/or personally performed the therapeutic procedures claimed, whereas in truth and in fact, he had not, and if truthfully reported, the claims would not have justified reimbursement.

12.    It was a further part of the scheme and artifice to defraud that PRUCHNIEWSKI would, and did, falsely and fraudulently instruct his staff to submit, and that pursuant to such instructions his staff did submit, claims for Medicare reimbursement through FCSO for CPT code 97032 in accordance with PRUCHNIEWSKI's notations on patient superbills, whereas in truth and in fact, there was no basis for reimbursement because (a) PRUCHNIEWSKI did not personally administer the modality; (b) there was no other member of PRUCHNIEWSKI's staff who was qualified to administer the modality; (c) there was no approved plan of care; (d) Micro-vas was not and has never been a

5

Medicare-approved modality; and (e) CPT code 97032 did not accurately reflect the modality applied.

13.    It was a further part of the scheme and artifice to defraud that PRUCHNIEWSKI would, and did, falsely and fraudulently instruct his staff to submit, and that pursuant to such instructions his staff did submit, claims for Medicare reimbursement through FCSO for CPT codes 97001, 97002, 97112, and 97535 in accordance with PRUCHNIEWSKI's notations on patient superbills, whereas in truth and in fact, there was no basis for reimbursement because (a) PRUCHNIEWSKI did not personally administer the therapeutic procedures; (b) there was no other member of PRUCHNIEWSKI's staff who was qualified to administer the therapeutic procedures; and (c) there was no approved plan of care.

14.    It was a further part of the scheme and artifice to defraud that PRUCHNIEWSKI would, and did, falsely and fraudulently enter, and cause to be entered, false information in patient files, progress notes, and superbills, for the purpose of creating false and fraudulent documentation to support claims submitted to Medicare, including, but not limited to, misrepresentations about (a) the identity of the person who personally administered the modality or performed the therapeutic procedure; and (b) the nature of the modality administered and/or the therapeutic procedure performed.

15.    It was a further part of the scheme and artifice to defraud that PRUCHNIEWSKI would, and did, falsely and fraudulently make statements and

6

otherwise conduct these activities in a manner calculated to conceal and cover up the existence and activities of the scheme and artifice to defraud.

**Execution of the Scheme and Artifice**

16.     On or about the dates set forth below, in the Middle District of Florida, the defendant,

JAMES F. PRUCHNIEWSKI,

for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, knowingly and willfully caused each of the following Medicare Part B claims for reimbursement to be submitted to FCSO, each such claim stating that PRUCHNIEWSKI personally administered the Physical Medicine and Rehabilitation modality and/or personally performed the therapeutic procedures claimed, whereas in each case, he had not, and if truthfully reported, the claims would not have justified reimbursement:

| COUNT | CLAIM DATE | PATIENT | CPT CODE | AMOUNT OF CLAIM |
|---|---|---|---|---|
| ONE | March 16, 2009 | V.M. | 97032 | $72.00 |
| TWO | March 18, 2009 | V.M. | 97032 | $72.00 |
| THREE | March 19, 2009 | V.M. | 97032 | $72.00 |
| FOUR | April 1, 2009 | V.M. | 97032 | $72.00 |
| FIVE | July 1, 2009 | C.M. | 97032 | $72.00 |
| SIX | July 8, 2009 | C.M. | 97032 | $72.00 |
| SEVEN | July 16, 2009 | C.M. | 97032 | $72.00 |
| EIGHT | August 6, 2009 | C.M. | 97032 | $72.00 |
| NINE | August 4, 2009 | W.S. | 97032 | $216.00 |

| COUNT | CLAIM DATE | PATIENT | CPT CODE | AMOUNT OF CLAIM |
|---|---|---|---|---|
| TEN | August 12, 2009 | W.S. | 97032 | $72.00 |
| ELEVEN | September 1, 2009 | W.S. | 97032 | $216.00 |
| TWELVE | September 10, 2009 | W.S. | 97032 | $216.00 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURES

1.    The allegations contained in Counts One through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

2.    Upon conviction for the violations alleged in Counts One through Twelve of this Indictment, in violation of Title 18, United States Code, Section 1347, the defendant,

JAMES F. PRUCHNIEWSKI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all of his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to a forfeiture money judgment in the amount of $122,536.00, representing the gross proceeds traceable to the commission of such violations of Title 18, United States Code, Section 1347.

3.    If any of the property described above, as a result of any act or omission of the defendant:

8

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture

of substitute property under the provisions of Title 21, United States Code, Section

853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A True Bill,

A. LEE BENTLEY, III
United States Attorney

_Teresa D. Curry_
Foreperson

By: _Amanda L. Riedel_
AMANDA L. RIEDEL
Assistant United States Attorney

By: _Robert A. Mosakowski_
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

9

## UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

### THE UNITED STATES OF AMERICA

vs.

### JAMES F. PRUCHNIEWSKI

## INDICTMENT

Violations:

18 U.S.C. § 1347

A true bill,

_Teresa D. Curry_
Foreperson

Filed in open court this 4th day

of March 2014.

_____
Clerk

Bail $_____

GPO 863 525